IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> SOLID FINANCIAL TECHNOLOGIES, INC., <br><br> Debtor. | Chapter 11 <br> Subchapter V <br><br> Case No. 25-10669 (BLS) <br><br> Re: Docket Nos. 52, 61 |

### OBJECTION OF LOOP PAYMENTS INC. AND LOOP FINANCIAL INC. TO DEBTOR'S NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH TRANSACTION

Loop Payments Inc. ("Loop Payments"), the prior counterparty to contracts, and Loop Financial Inc. ("Loop Financial"), the current counterparty to contracts (Loop Payments and Loop Financial together, "Loop") with the debtor in the above-captioned chapter 11 case of Solid Financial Technologies, Inc. ("Solid" or the "Debtor"), by and through undersigned counsel, submit this objection (the "Objection") to the Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Transaction [Docket No. 61] (the "Executory Contract Notice") and, in support thereof, respectfully represent as follows:

### BACKGROUND

1. The Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on April 7, 2025.

2. Prior to the Debtor's bankruptcy filing, Loop Payments entered into a Solid Banking and Card Services Fee Schedule (the "Agreement") with the Debtor on February 28, 2022, with a 36-month term, to expire on February 28, 2025.[1]

---

[1] Loop believes that the Debtor is in possession of the documents referenced in this Objection, but to the extent that the Debtor is not in possession of them, Loop will provide such documents upon request.

3. Loop Payments and the Debtor entered into an Amendment to Solid Banking and Card Services Fee Schedule (the "Amendment" and, with the Agreement, the "Agreements") on November 1, 2023. Pursuant to Amendment, the Agreement was assigned from Loop Payments to Loop Financial. No other terms of the Agreement were changed, and the Agreement was still set to expire on February 28, 2025.

4. The Debtor sent Loop Payments a letter dated January 29, 2025, stating that it would be suspending services and terminating the Agreements as of February 28, 2025, unless Loop agreed to certain terms and took certain actions to extend the Agreements' termination date to May 31, 2025, to have more time to wind down their relationship.

5. Loop Financial took the steps necessary to extend the Agreements' termination date to May 31, 2025, and that date remains the termination date of the Agreements.

6. The Debtor listed the Agreements—"Solid Banking and Card Services Fee Schedule" and "Amendment to Solid Banking and Card Services Fee Schedule"—on its Executory Contract Notice as purported executory contracts that it may seek to assume and assign as part of a sale process in its bankruptcy case. See Schedule 1 to Executory Contract Notice.

7. The Court entered its Order (I) Approving the Bidding Procedures, (II) Approving Certain Bidding Protections in Connection with the Sale of the Debtor's Assets, (III) Scheduling the Bid Deadline and the Auction, (IV) Approving the Form and Manner of Notice Thereof, and (V) Granting Related Relief [Docket No. 52] (the "Bidding Procedures Order") on May 2, 2025. The Bidding Procedures Order included provisions regarding the potential assumption and assignment of contracts in connection with the sale of the Debtor's assets.

66948870-v1

8. On May 9, 2025, the Debtor filed the Executory Contract Notice, which contained a list of purported executory contracts that the Debtor possibly could assume and assign, along with the Debtor's view of the amounts needed to cure those purported executory contracts.

9. The Agreements are included on the Executory Contract Notice, with no cure amounts. Their inclusion on the Executory Contract Notice is incorrect and impermissible because they will expire on May 31, 2025, and therefore cannot be assumed or assigned. To the extent that the Agreements somehow could be assumed and/or assigned, Loop reserves all rights, including the right to supplement this Objection with respect to cure that is owed in connection with the Agreements.

**OBJECTION**

10. Loop files this Objection to object to the possibility of any assumption or assignment of the Agreements set forth in the Executory Contract Notice, including with respect to cure.

11. Because the Agreements will expire on May 31, 2025, there will be no Loop executory contracts to assume or assign, and the Debtor cannot assume them or assign them to a purchaser.

12. Furthermore, section 365(b)(1) of the Bankruptcy Code provides that if there has been a default, monetary or nonmonetary, under an executory contract, then the debtor may not assume the executory contract unless the debtor cures the contract at the time of assumption or provides adequate assurance that it will promptly cure the contract and will compensate the counterparty for any pecuniary loss resulting from the default. 11 U.S.C. § 365(b)(1).

13. Pursuant to 11 U.S.C. § 365(b)(1)(A), the Debtor must cure all defaults under the Agreements in connection with any proposed assumption or it cannot assume them. In this case, the Debtor proposes no cure amount for the Agreements.

14. Nothing herein is or may be construed as a waiver by Loop of any rights or remedies, all of which are reserved. Furthermore, Loop reserves the right to amend or supplement this Objection to make any additional objections or include any additional defaults prior to any assumption of the Agreements.

WHEREFORE, Loop request that this Court enter an order (i) sustaining this Objection; (ii) ruling that neither of the Agreements can be assumed or assigned; (iii) to the extent that either Agreement can be assumed or assigned, requiring, as a condition to the Debtor's assumption that the Debtor pay all unpaid prepetition and postpetition amounts and cure and remove all other defaults; and (iv) granting such other and further relief as is just and proper.

Dated: May 30, 2025.	Respectfully submitted,

VENABLE LLP

/s/ Darek S. Bushnaq
Darek S. Bushnaq (No. 5596)
1201 North Market Street, Suite 1400
Wilmington, Delaware 19801
Phone: (302) 298-3535
Fax: (302) 298-3550
dsbushnaq@venable.com

Attorneys for Loop Payments Inc. and Loop Financial Inc.

66948870-v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of May, 2025, a copy of the foregoing Objection of Loop Payments Inc. to Debtor's Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Transaction was served by the Court's CM/ECF notification system upon all parties requesting the same.

/s/ Darek S. Bushnaq
Darek S. Bushnaq

66948870-v1